IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CAVAZOS TRUCKINC, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 19-CV-246 |
| | § | |
| THE HARTFORD FIRE AND INS. CO., | § | |
| *Defendant* | § | |

# EXHIBIT C-1

# PLEADING ASSERTING CAUSE OF ACTION

000001\001987\3364673.v1

FILED FOR RECORD
Carolyn L. Guidry
4/22/2019 10:04 AM
COUNTY CLERK
JEFFERSON COUNTY
0133618

CAUSE NO. 0133618

| | | |
|---|---|---|
| CAVAZOS TRUCKING, INC. | § | IN THE COUNTY COURT AT LAW |
| Plaintiff, | § § § | |
| v. | § | OF |
| THE HARTFORD FIRE AND INS. CO. | § § § | |
| Defendant, | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CAVAZOS TRUCKING, INC. doing business as A.M.F. MATERIALS & TRANSPORT, Plaintiff in the above-entitled and numbered cause, and files this its Original Petition complaining of Defendant, THE HARTFORD FIRE AND INSURANCE COMPANY, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY-CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively plead that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### II.
### CLAIM FOR RELIEF

2. Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees.

RB

**Exhibit C-1**

### III.
### PARTIES

a. **CAVAZOS TRUCKING, INC.**, Plaintiff herein, is a Texas corporation organized and doing business under the laws of the State of Texas. Plaintiff's principal place of business is located at 7145 Gulfway Drive, Port Arthur, Jefferson County, Texas 77642.

b. **THE HARTFORD FIRE AND INSURANCE COMPANY**, Defendant herein, is a foreign For-Profit Corporation with principle place of business located at One Hartford Plaza, Hartford, CT 06155 and can be served with process via its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### IV.
### JURISDICTION & VENUE

4. The Court has personal jurisdiction over Defendant, **THE HARTFORD FIRE AND INSURANCE COMPANY**, because Defendant has established sufficient minimum contacts with the State of Texas to satisfy the requirements of traditional notions of fair play and substantial justice. Defendant engaged in business in Texas by contracting with a Texas resident. *See* Tex. Civ. Prac. & Rem. Code § 17.042. The services and obligations under the contract were to be performed in whole or in part in Texas by both parties as outlined herein.

5. Venue is proper in Jefferson County, Texas as the county:

   a. where all or a substantial part of the events or omissions giving rise to the claim occurred. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1);

   b. identified as the place for an obligation under the contract to be performed. Tex. Civ. Prac. & Rem. Code § 15.035(b).

### V.

6. The present suit arises from a motor vehicle accident and subsequent delays in processing Plaintiff's property damages claims by the insurer, Defendant, **THE HARTFORD FIRE AND INSURANCE COMPANY** in Jefferson County, Texas. On or about May 1, 2017, one of Plaintiff's commercial fleet motor vehicles was involved in a motor vehicle accident with another

**Exhibit C-1**

vehicle owned by the insured, Iasis Healthcare, LLC. Defendant, **THE HARTFORD FIRE AND INSURANCE COMPANY**, subsequently admitted to the liability of its insured for the accident and agreed to cover the repair costs for Plaintiff's commercial motor vehicle, a 2011 Mack 600 Granite Tractor Truck, Vehicle Identification Number 1M1AN09Y7BM007053. Defendant had a common law and statutory duty to pay the claim in a timely manner. However, despite immediately having everything in its possession needed to pay the claim, the insurer unreasonably failed to pay the repair shop for the ongoing repairs to Plaintiff's vehicle for more than nine months.

7. Specifically, on or about May 16, 2017, Defendant's representative Mr. Brian Mayes completed an inspection of the 2011 Mack 600 Granite Tractor Truck on site in Jefferson County, Texas and prepared an estimate for repairs to the insurer in the amount of $135.00.

8. On January 18, 2018, Defendant's representative Mr. Brian Mays prepared an amended estimate for repairs to the vehicle totaling $23,776.25. Mr. Mays' amended estimate for repairs to the vehicle was prepared despite Mr. Brian Mays having conducted no further inspections of the vehicle since May 16, 2017, and repairs already being completed on the vehicle by no later than November 28, 2017. As of the date of the second inspection, no payments for repairs had been received from the insurer and the repair shop was refusing to release the vehicle from its storage yard in Beaumont, Texas until the insurer paid for the repairs. Because of the wrongful acts and omissions of the Defendant insurer, Plaintiff did not regain possession of its commercial motor vehicle until 12:00 PM on January 31, 2018, exactly 9 full months after the date of the subject motor vehicle accident and more than 261 days after **THE HARTFORD FIRE AND INSURANCE COMPANY** began processing the claim.

9. Plaintiff promptly submitted demand to Defendant seeking recovery of loss of earnings

**Exhibit C-1**

which would have been generated by the regular use of the commercial motor vehicle but for the wrongful act or omissions of the Defendant and its employees or agents. Additional formal written demand was sent to the insurer with all needed details and attached evidence necessary to pay the claim for direct and consequential damages no later than August 22, 2018. Despite having everything in its possession necessary to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear, the insurer has failed and refused to act in good faith or to pay the claim for loss of earnings in the past.

10. Defendant is vicariously liable for the acts or omissions of its agents and representatives conducted in the course and scope of their employment under the doctrine of respondeat superior as well as statutory and common law principles of agency.

## VI.
## DECEPTIVE INSURANCE PRACTICES & LATE PAYMENT OF CLAIMS:

11. Plaintiff incorporates the facts and allegations in Sections III, IV and V as if set forth herein verbatim.

12. Defendants and their employees, agents, representatives and affiliates' wrongful acts or omissions as set forth throughout herein constitute unfair or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code Chapter 541, subchapter b, and violations of the Late Payment of Claims Act as set forth in Texas Insurance Code Chapter 542. Such applicable statutory violations specifically include violations of Texas Insurance Code §§ 541.051, 541.060, 542.003, 542.055, 542.057, and 542.058(a).

> Sec. 541.051. MISREPRESENTATION REGARDING POLICY OR INSURER.
> It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to:
> (1) make, issue, or circulate or cause to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

4

**Exhibit C-1**

    (A) the terms of the policy; or

    (B) the benefits or advantages promised by the policy.

**Sec. 541.060. UNFAIR SETTLEMENT PRACTICES.**

(a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

    (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

**Sec. 542.003. UNFAIR CLAIM SETTLEMENT PRACTICES PROHIBITED.**

(a) An insurer engaging in business in this state may not engage in an unfair claim settlement practice.

(b) Each of the following acts by an insurer constitutes unfair claim settlement practices:

    (1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

    (2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

    (3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

    (4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear;

13.     An insurer is liable under Chapter 542 of the Texas Insurance Code if the insurer: (1) does not timely pay a claim after accepting it, (2) wrongfully rejects a valid claim, or (3) takes no action on a valid claim. *See* Tex. Ins. Code §§ 542.057, 542.058.

14.     Defendant is liable for the claims and had a duty to pay the claim in a timely manner pursuant to the Texas Insurance Code Chapter 542. On repeated occasions, Defendant breached the duty by not timely:

**Exhibit C-1**

    a. acknowledging / investigating the claim;

    b. accepting, rejecting, or requesting an extension of time to investigate the claim; and

    c. paying the claim after wrongfully rejecting it.

15. Defendants breach of duty and other wrongful acts or practices as described herein were a producing cause of injury to Plaintiff including, wrongful denial of benefits by the Defendant insurer, resultant loss of earnings sustained in the past during the time the vehicle was being repaired, plus costs and expenses incurred in pursuing recovery of those amounts from Defendant.

16. Plaintiff seeks liquidated damages within the jurisdictional limits of this Court.

17. Plaintiff further seeks award of the 18% statutory interest penalties imposed upon the insurer for the late processing and payment of the claim under Chapter 542.

## VII.
## ATTORNEY'S FEES

18. As a result of Defendant' failure to timely pay the claim and as a result of the breach as described in the foregoing paragraphs, Plaintiff has found it necessary to employ James E. Coleman of Fenley & Bate, L.L.P., attorney licensed in the State of Texas, to pursue its interests and bring suit on the subject claims. Plaintiff is entitled to recover a reasonable charge for the services rendered by said attorney in bringing this suit under the DTPA tie-in statute, Texas Business and Commerce Code § 17.50(d), Texas Insurance Code violations in accordance with Texas Insurance Code § 541.152(a)(1) and 542.060, and also under Texas Civil Practices and Remedies Code § 38.001. In the event of an appeal of the Court of Appeals, Plaintiff would be entitled to an additional sum, as reasonable attorney's fees; and in the event of an appeal to the Supreme Court, Plaintiff would be entitled to an additional sum, as additional reasonable attorney's fees.

**Exhibit C-1**

## VIII.
## CONDITIONS PRECEDENT

19. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## IX.
## ADDITIONAL DAMAGES

20. Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff **CAVAZOS TRUCKING, INC.**, respectfully requests this Honorable Court to cite Defendant, **THE HARTFORD FIRE AND INSURANCE COMPANY**, to appear and answer and that upon a final trial Plaintiff have Judgment against Defendant for:

a. Actual damages;

b. Prejudgment interest on the debt as provided by law;

c. Post-judgment interest at the Judgment rate as provided by law until paid;

d. Attorney's fees in a reasonable sum with interest at the Judgment rate from the date of Judgment until paid;

e. Costs of suit; and

f. Such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

**Exhibit C-1**

Respectfully submitted,

*[signature: James E. Coleman]*

**JAMES E. COLEMAN**
**FENLEY & BATE, L.L.P.**
224 E. LUFKIN AVENUE
LUFKIN, TEXAS 75902-0450
TPN:   (936) 634-3346
FAX:   (936) 639-5874
SBN:   24097516
E-mail: jcoleman@fenley-bate.com

*ATTORNEY FOR PLAINTIFF,*
**CAVAZOS TRUCKING, INC.**

8

**Exhibit C-1**